FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ERIC S.,

Plaintiff,

v.

MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1]

Defendant.

No. 2:22-CV-05150-JAG

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 15, 19. Attorney Chad Hatfield represents Eric S. (Plaintiff); Special Assistant United States David J. Burdett represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

## I. JURISDICTION

Plaintiff filed an application for benefits on April 22, 2020, alleging disability since February 1, 2017. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Caroline Siderius held a hearing on September 28, 2021, and issued an unfavorable decision on October 22, 2021. Tr. 22-31. The Appeals Council denied review on September 30, 2022. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on November 30, 2022. ECF No. 1. The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4.

## II. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting

evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## III. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV. ADMINISTRATIVE FINDINGS

On October 22, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of February 1, 2017, through his date last insured of September 30, 2021. Tr. 24.

At ***step two***, the ALJ determined Plaintiff had the following severe impairment: seizure disorder. Tr. 24.

At ***step three***, the ALJ found this impairment did not meet or equal the requirements of a listed impairment. Tr. 26.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform medium work subject to the following additional limitations: he can have no exposure to unprotected heights; never operate heavy machinery or equipment; never climb lappers, ropes, or scaffolds; and work in only ordinary office-level lighting. Tr. 26.

At ***step four***, the ALJ found Plaintiff could perform past relevant work. Tr. 30.

The ALJ thus concluded Plaintiff was not disabled from the alleged onset date through the date last insured. Tr. 30.

## V. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; (B) whether the ALJ erred by discounting Plaintiff's testimony; (C) whether the ALJ erred by discounting the lay witness testimony; (D) whether the ALJ erred at step two; (E) whether the ALJ erred at step three; and (F) whether the ALJ erred at steps four and five. ECF No. 15 at 8.

## VI. DISCUSSION

### A. Medical Evidence.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th

Cir. 2022). Plaintiff contends the ALJ failed to fully account for the opinion of the medical expert, Jerry Seligman, M.D. As discussed below, the Court agrees.

The parties' dispute concerning Dr. Seligman's testimony arises from the doctor's answer to the following question from Plaintiff's counsel:

> Counsel: And then we see some reports from his wife and Providence Medical group in February of '21 stating that she'll notice jerking at night, and then in morning disoriented, gets out of bed, wanders around the house when the seizure ends, very tired, hard to wake up in the morning. So these seizures, even though they may not be very long lasting while at nighttime, can they have effects that last longer than the actual seizures?
>
> Dr. Seligman: There may very well be, yes.

Tr. 46.

Plaintiff interprets this exchange as evidence that Dr. Seligman "agreed that [Plaintiff's] unprovoked nocturnal seizures would have lasting effects into the following day where he was very tired and difficult to wake up [*sic*]." ECF No. 15 at 11. Plaintiff argues the ALJ erred by "failing to account" for such testimony that, in his view, supports the claim that he "suffers severe fatigue the day following a seizure[,] interfering with the ability to work." *Id*. The Commissioner takes a different view, arguing that because Plaintiff's counsel asked whether the seizures "can" – and not "would" – have lasting effects, the doctor "did not, therefore, agree that Plaintiff's seizures 'would' have lasting effects *for certain*[.]" ECF No. 19 at 4. The Commissioner does not otherwise explicitly contend the ALJ evaluated this specific portion of Dr. Seligman's testimony.

Both arguments miss the mark. In the absence of an evaluation on the part of the ALJ, the parties ask the Court to impermissibly assume the role of factfinder. While this testimonial evidence may be "susceptible to more than one rational interpretation" – as evidenced by the parties' arguments – the ALJ did not state a "conclusion that must," in such circumstances, "be upheld." *Morgan*, 169

F.3d at 599. Of note, the ALJ otherwise found Dr. Seligman's opinion "persuasive." Tr. 27. To the extent this portion of Dr. Seligman's testimony conflicts with the balance of Dr. Seligman's testimony, the ALJ should have resolved such a conflict. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)).

In light of these competing interpretations, the Court concludes the ALJ should have further developed the record to clarify this ambiguity in Dr. Seligman's testimony, lest potentially significant, probative, and helpful evidence concerning the possible long-lasting nature of Plaintiff's seizures be excluded from the record and, by extension, the ALJ's evaluation. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation marks and citations omitted). Because the ALJ failed to do so, the Court concludes the ALJ erred in assessing Dr. Seligman's opinion.

**B. <u>Plaintiff's Testimony.</u>**

Plaintiff contends the ALJ erroneously discounted his testimony. ECF No. 12 at 18-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 27. However, because the ALJ erred in assessing Dr.

Seligman's opinion, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with Plaintiff's activities. Tr. 27-28. In support, the ALJ found Plaintiff "took care of his children (preparing food for them, taking them out for walks or to the playground, entertaining them, putting them to bed, etc.) while his wife worked; did household chores; and went outside daily." Tr. 28. These minimal activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)), nor validly undermine Plaintiff's allegations, *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.[2]

---

[2] The Commissioner contends the ALJ also discounted Plaintiff's testimony on the ground Plaintiff's condition improved with treatment. *See* ECF No. 19 at 8. Notably, however, the Commissioner fails to proffer a citation to the ALJ's decision in support of this argument. In any event, on its own view of the ALJ's decision, it is not apparent to the Court that the ALJ employed such reasoning to discount Plaintiff's testimony or supported such a finding with substantial evidence. The Court further notes the ALJ must also "sufficiently consider the

**C. Lay Witness Testimony.**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff argues the ALJ erred by discounting his mother's testimony. ECF No. 15 at 14

The ALJ discounted Plaintiff's mother's statements as "generally not consistent with the overall medical record." Tr. 30. Because the ALJ misevaluated the medical evidence, as discussed above, the ALJ erroneously discounted the lay witness testimony on this ground.

## VII. CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence, Plaintiff's testimony, and the lay witness testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence, Plaintiff's testimony, and the lay witness testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence, Plaintiff's testimony, and the lay witness testimony, the ALJ will necessarily need to make new step two and three findings, which were based on the ALJ's evaluation of both medical and testimonial evidence, and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error

---

duration of, or chronological fluctuation in, [Plaintiff's] symptoms." *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021).

concerning the other steps of the sequential evaluation process. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall develop the record with respect to Dr. Seligman; reassess Plaintiff's testimony and the lay witness testimony; and reevaluate the steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2024.




JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE